IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELANEY BARNES,

      Petitioner,                      No. CIV S-08-2021 JAM EFB P

     vs.

CLAUDE FINN, Warden,

      Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a former state prisoner proceeding without counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. When petitioner commenced this action, he was incarcerated at the Deuel Vocational Institute on a parole violation. *See* Dckt. No. 1. On July 2, 2009, respondent moved to dismiss this action on the grounds that petitioner failed to state a claim for federal habeas relief and failed to exhaust state court remedies as to one of his claims. On July 20, 2009, petitioner filed an opposition brief. For the reasons explained below, the motion must be granted.

      This court has authority under Rule 4 to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same

grounds. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

**I. Background**

This action proceeds on the October 17, 2008 amended petition. Dckt. No. 22. Petitioner claims that the Board of Parole Hearings violated his due process rights by conducting his "probable cause and final revocation hearings past the time set forth by [the] *Valdivia* permanent injunction" and that he received ineffective assistance of counsel at his revocation hearing. Dckt. No. 22 at 5-6. *See Valdivia v. Schwarzenegger*, No. Civ. S-94-0671 LKK (E.D. Cal.); *see also* Pet'r Opp'n to Resp.'s Mot. to Dims. ("Opp'n"), Ex. A (copy of *Valdivia's* March 9, 2004 Stipulated Order for Permanent Injunctive Relief, describing required procedures for probable cause and revocation hearings). Petitioner also claims that the Board of Parole hearings "no longer has an appeals unit [and] therefore the decisions regarding revocation issues cannot be appealed at the Prison, DUI Tracy." Dckt. No. 22 at 6.

**II. Analysis**

**A. Failure to Exhaust**

Respondent submits that petitioner failed to exhaust his ineffective assistance of counsel claim. Resp.'s Mot. to Dism. ("Mot.") at 5. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

1   On August 1, 2008, petitioner filed a habeas petition in the state supreme court, which
2   was denied on September 10, 2008. Mot., Exs. 5, 6. That petition did not include an ineffective
3   assistance of counsel claim, though it did include the other two claims raised in the instant
4   petition. *See id.*, Ex. 5. It is petitioner's burden to establish exhaustion. *Cartwright v. Cupp*,
5   650 F.2d 1103, 1104 (9th Cir. 1981), *cert. denied*, 455 U.S. 1023 (1982). In his opposition brief,
6   petitioner does not address respondent's exhaustion argument or otherwise contend that his
7   ineffective assistance of counsel claim is exhausted. This claim must therefore be dismissed as
8   unexhausted.

### B. Failure to State a Claim

Respondent also moves to dismiss on the ground that petitioner has not stated a federal claim for relief. The Constitution requires that a parole "revocation hearing [] be tendered within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). A due process violation only occurs when the delay in holding a revocation hearing is both unreasonable and prejudicial. *Camacho v. White*, 918 F.2d 74, 79 (9th Cir. 1990). Petitioner claims only that the Board did not comply with the time requirements established in the Stipulated Order for Permanent Injunction issued in the *Valdivia* action, as his final revocation hearing was held 36 days after his parole hold. *See* Dckt. No. 22 at 5; Opp'n at 2, ¶ 3. Petitioner does not allege any facts suggesting that he was prejudiced by the delay. Moreover, the 36 day delay here must be examined in light of the Supreme Court holding in *Morrissey* that a delay of two months was reasonable for purposes of the Due Process Clause. *Morrissey*, 408 U.S. at 488. The delay in issue here is not unreasonable and petitioner's claim therefore, does not implicate his right to due process.

Nor does petitioner's attempt to predicate a constitutional claim under the *Valdivia* case properly state a claim. "[A] remedial court order, such as the one entered in the *Valdivia* case, . . . create rights, privileges or immunities secured by the Constitution." *Soto v. Bd. of Prison Terms*, No. CIV S-07-0414 GEB DAD P, 2007 U.S. Dist. LEXIS 92112, at *2-3 (E.D. Cal. Dec.

6, 2007) (citing *Green v. McKaskle*, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights)); *see also Hope v. Felker*, No. CIV S-05-0721 FCD DAD P, 2006 U.S. Dist. LEXIS 16388, at *3 (E.D. Cal. Apr. 5, 2006), *adopted in full by* 2006 U.S. Dist. LEXIS 31712 (E.D. Cal. May 19, 2006). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982). Since the terms set forth in the *Valdivia* injunction do not create or enlarge petitioner's constitutional rights, they cannot form a basis for relief pursuant to 28 U.S.C. § 2254. *See Denham v. Schwarzenegger*, No. CV F 05-0995 AWI DLB, 2005 U.S. Dist. LEXIS 29951, at *18-19 (E.D. Cal. Nov. 16, 2005) (noting that *Valdivia* does not provide "a separate, private cause of action," and that "any violations of orders issued in *Valdivia*" must be raised in *Valdivia*).

Petitioner's last claim is that "decisions regarding revocation issues cannot be appealed" at his place of incarceration.[1] Dckt. No. 22. at 6. Petitioner does not identify what federal right, if any, that he believes this violates.[2] Without knowing what federal right is being asserted, the court cannot evaluate the merits of the claim. If petitioner intended to raise a due process claim, it must fail because the right to an administrative appeal is not included among the procedural protections afforded at revocation hearings. *See Morrissey*, 408 U.S. at 485-89 (describing the minimal due process protections applicable to parole revocation hearings).

////

////

////

---

[1] Although respondent does not directly address this claim in his motion to dismiss, the court may dismiss it pursuant to its authority under Rule 4 of the Rules Governing Section 2254 Cases.

[2] It appears from the docket that petitioner may have included this allegation as an explanation as to why he did not complete an informal appeal, rather than as an actual ground for relief. *See* Dckt. No. 1. at 2.

4

### III. Conclusion

In light of the above, the court finds that petitioner's ineffective assistance of counsel claim is unexhausted and that the petition otherwise fails to state a cognizable claim for federal habeas relief.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 2, 2009 motion to dismiss be granted and petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE